WO                                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benny G. Rivera, | No. CV 20-01255-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Adam Sheppard, et al., | |
| Defendants. | |

On June 24, 2020, Plaintiff Benny G. Rivera, who is confined in the Gila County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a July 1, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On July 16, 2020, Plaintiff filed a second Application to Proceed In Forma Pauperis. In an August 3, 2020 Order, the Court denied the deficient Application to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On August 19, 2020, Plaintiff filed a third Application to Proceed In Forma Pauperis. In an August 28, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave

Plaintiff thirty days to file an amended complaint that cured the deficiencies identified in the Order.

On September 24, 2020, Plaintiff filed his First Amended Complaint. In an October 9, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff thirty days to file a second amended complaint that cured the deficiencies identified in the Order.

On November 4, 2020, Plaintiff filed a Second Amended Complaint (Doc. 13). The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff names as Defendants Gila County Sheriff J. Adam Sheppard, Jail Commander Justin Solberg, and Lieutenants Osborn and Kenny. In his Request for Relief, Plaintiff seeks monetary damages, a cell and facilities that are accessible under the Americans with Disabilities Act (ADA), and "to not be excluded from participation in or be denied the benefits of services[,] programs[,] or activities of a public entity or be subjected to discrimination by any such entity."

In **Count One**, Plaintiff alleges Defendant Sheppard violated his rights under the ADA by failing to update the jail and provide handicapped cells. He claims there are no handicapped rails in the showers or near the toilets, which makes moving around nearly impossible. Plaintiff asserts that as a result, he was forced to sleep on the floor; was forced to rely on others to help him up and down, off the toilet, and in and out of the showers; and is in constant fear of falling and not being able to get up. He contends Defendant Sheppard "did not take reasonabl[y] available measures to abate a risk even though a reasonable official in the circumstances would have appreciated the high degree of risk" and caused Plaintiff harm "by not taking such measures."

In **Count Two**, Plaintiff alleges Defendant Sheppard violated his Fourteenth Amendment rights because Defendant Sheppard intentionally failed to update the jail or make it handicapped accessible. He asserts that there are no handicapped cells, access, or facilities, and that Defendant Sheppard, "through a system of ind[if]ference[,] failed to properly add any handicap[ped] facilit[ie]s or equ[i]pment to the jail." Plaintiff contends

that as a result, he was forced to sleep on the floor and rely on others to get up and down, off the toilet, and in and out of the shower.

In **Count Three**, Plaintiff contends Defendants Solberg, Osborn, and Kenny, in their official capacities, violated his rights under the ADA by "making him live in unsafe conditions." He claims Defendants have placed him in danger by failing to update the jail and, therefore, he is forced to sleep on the floor and shower in a non-ADA compliant shower. Plaintiff asserts that prior to being detained in the jail, he was under the care of a doctor and Banner Chiropractic.

### III.  Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

#### A.  ADA Claims (Counts One and Three)

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must demonstrate that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004)).

. . . .

Plaintiff has failed to identify his disability and does not allege that he has been subjected to discrimination because of it. Thus, the Court will dismiss Plaintiff's ADA claims.

### B.  Fourteenth Amendment Due Process Claim (Count Two)

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to

state a claim against prison officials for deliberate indifference.  *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff has not provided any information as to why he needs handicapped facilities, why he is unable to sleep in the bed that is provided, and why he needs assistance from others.  Plaintiff's allegations are simply too vague and conclusory to state a conditions-of-confinement claim.  Thus, the Court will dismiss Count Two.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 13) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

1   (3)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3)
2  and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal
3  of this decision would be taken in good faith and finds Plaintiff may appeal in forma
4  pauperis.

Dated this 19th day of November, 2020.

_____
James A. Teilborg
Senior United States District Judge