WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benny G. Rivera,<br><br>  Plaintiff,<br><br>v.<br><br>J. Adam Sheppard, et al.,<br><br>  Defendants. | No. CV-20-1255-PHX-JAT (DMF)<br><br>**ORDER** |

Plaintiff filed a Complaint on June 24, 2020 (Doc. 1). On August 28, 2020, the Court dismissed Plaintiff's Complaint with leave to file an amended complaint (Doc. 9) and ordered that "Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action" and "[i]f Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court)" (*Id*. at 9).

After Plaintiff filed his First Amended Complaint, on October 9, 2020, the Court again dismissed the First Amended Complaint with leave to file a second amended complaint and again warned Plaintiff that he needed to file a change of address and follow every provision of the Court's Order (Docs. 11, 12 at 8-9). Plaintiff filed a Second Amended Complaint on November 4, 2020, and the Court dismissed Plaintiff's Second

Amended Complaint and entered judgment in this matter (Docs. 13, 14, 15). Plaintiff filed a notice of appeal. After considering allegations from Plaintiff's original Complaint and Second Amended Complaint together, the Court of Appeals reversed and remanded this case (Doc. 21).

On October 26, 2021, the Court ordered that Defendant Sheppard must answer Count One of the Second Amended Complaint in his official capacity only and Defendants Solberg, Osborn, and Kenny must answer Count Three in their official capacities only (Doc. 22). Consistent with the Mandate of the Court of Appeals, the Court also required Defendants to address the allegations of the original Complaint that the Court of Appeals considered to find the Second Amended Complaint should not have been dismissed. (*Id*. at 2-3 & n.1).[1]

The Court further ordered that "Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order" (*Id*. at 4). The Order stated that Plaintiff is warned that he "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action" and that "if he fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice" (*Id*. at 3). The October 26, 2021 Order (along with the service packets) were mailed to Plaintiff. In mid-November 2021, the Order and service packets were returned as undeliverable indicating that Plaintiff is no longer in custody (Doc. 23).

On December 16, 2021, after Plaintiff failed to return the service packets for Defendants Sheppard, Solberg, Osborn, and Kenny, the Court issued an order to show

---

[1] This Court did not interpret the Mandate as permitting this Court to require Plaintiff to file a Third Amended Complaint with all of his allegations in one pleading because the Court of Appeals concluded: "Liberally construed, these allegations 'are sufficient to warrant ordering [defendants] to file an answer.'" (Doc. 21 at 2) (citations omitted).

cause as to why the matter should not be dismissed for failure to comply with Court orders and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as to Plaintiff's failure to file a Notice of Change of Address (Doc. 24). This Order was again returned as undeliverable indicating that Plaintiff is no longer in custody (Doc. 25).

Before dismissing pursuant to Federal Rule of Civil Procedure 41(b), it is "preferred" that the district court make explicit findings on the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). *See Epicenter Loss Recovery LLC v. Burford Cap. Ltd.*, 855 F. App'x 388 (9th Cir. 2021). These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to update his contact information prevents the case from proceeding in the foreseeable future, if ever. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already used the less drastic alternative of an order to show cause to no avail. Further, the Court will dismiss the Defendants without prejudice as a less drastic sanction to a with prejudice dismissal.

Thus, Plaintiff not having filed a notice of change of address and there being no response to the order to show cause, the Court will dismiss the claims against Defendants Sheppard, Solberg, Osborn, and Kenny without prejudice.

Accordingly,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge as to this

entire case.

**IT IS FURTHER ORDERED** dismissing without prejudice Defendants Sheppard, Solberg, Osborn, and Kenny (who are the only Defendants in this case). The Clerk of the Court shall enter judgment accordingly.

Dated this 12th day of January, 2022.

James A. Teilborg
Senior United States District Judge